1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Ivaughn Oakry,                        |    No. CV-20-01167-PHX-JAT (DMF)

10              Plaintiff,                  |    **ORDER**

11   v.

12   City of Tempe, et al.,

13              Defendants.

14

15          Pending before the Court is Defendants' appeal (Doc. 98) from Magistrate Judge

16   Fine's Order ("Order") issued on January 27, 2022. (Doc. 96). The Order granted in part

17   and denied in part Defendants' Motion to Exclude Plaintiff's Expert Testimony. (Doc. 96;

18   Doc. 73). Plaintiff Ivaughn Oakry filed a Response to Defendants' objection. (Doc. 104).

19   The Court now rules.

20   **I.     BACKGROUND**

21          Plaintiff brought this action alleging state and federal law violations against the City

22   of Tempe and law enforcement officers, stemming from Plaintiff's arrest. (Doc. 96 at 1).

23   Pursuant to Fed. R. Civ. P. 26(a), Plaintiff disclosed its police practices expert Thomas

24   Streed ("Streed") in August 2021. (*Id.* at 1, 4). As relevant here, Plaintiff disclosed and

25   provided a report and Curriculum Vitae ("C.V.") for Streed. Expert discovery closed on

26   November 8, 2021. (*Id.*)

27          Three weeks after expert discovery closed, Defendants filed a motion to exclude

28   Streed's expert testimony. (Doc. 73). Defendants argued, among other things, that Streed's

1  expert report and C.V. failed to meet the requirements of Rule 26(a)(2)(B)(iv)–(vi).

2  Specifically, Defendants claimed that Streed's C.V. was not up to date and failed to list

3  specific cases for which Streed had served as an expert witness, and that Streed's report

4  and C.V. failed to include a statement of the compensation to be paid to Streed for his

5  involvement in this case. (*Id.* at 9–10). Therefore, Defendants argued that Streed's

6  testimony should be excluded under Fed. R. Civ. P. 37(c). (*Id.* at 9–11).

7        In ruling on Defendants' motion, Magistrate Judge Fine considered Defendants'

8  complaint concerning the adequacy of Plaintiff's disclosure of Streed. (Doc. 96 at 2).

9  Magistrate Judge Fine discussed how discovery disputes were governed by the Case

10  Management Order, which provides:

11        If a discovery dispute arises, the parties promptly may call and shall email,
         with a copy to opposing counsel, the Court (602-322-7630;
12        fine_chambers@azd.uscourts.gov) to request a telephone conference
         concerning the dispute. The email should state the nature of the dispute in
13        one to three sentences. The Court will seek to resolve the dispute during the
         telephone conference, and may enter appropriate orders on the basis of the
14        telephone conference. The Court may order written briefing before the
         telephone conference and/or after the telephonic appearance if the dispute
15        does not resolve during the telephone conference. The parties shall not file
16        written discovery motions without leave of Court.

17

18  (Doc. 96 at 3) (citing Doc. 22 at 4, ¶ 6(a) (footnotes omitted)). Magistrate Judge Fine noted

19  that the Case Management Order further says that the "[p]arties shall not contact the Court

20  concerning a discovery dispute without first seeking to resolve the matter through personal

21  consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j)" and

22  that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery

23  disputes after the deadline for completion of fact discovery, and will not entertain expert

24  discovery disputes after the deadline for completion of expert discovery." (*Id.*) (citing Doc.

25  22 at 4, ¶ 6(b), (c)).

26        Accordingly, Magistrate Judge Fine found that: (1) Defendants did not promptly

27  bring to the court's attention the expert disclosure issues raised in their motion, as required

28  by the Case Management Order; (2) Defendants did not bring these issues to the attention

1  of the court until weeks after the deadline for completion of expert discovery; and (3)

2  Defendants raised these issues without having conferred in good faith with Plaintiff's

3  counsel, as required by Local Rule of Civil Procedure 7.2(j). (Doc. 96 at 3). Further, she

4  found that Plaintiff's disclosures with respect to Streed's expert testimony were deficient

5  under Rule 26(a)(2)(B)(iv)–(vi). (*Id.* at 4). Ultimately, Magistrate Judge Fine declined to

6  exclude Streed's report based on the deficient disclosures. (*Id.* at 3–4). Magistrate Judge

7  Fine did, however, require Plaintiff to supplement his disclosures under Rule

8  26(a)(2)(B)(iv)–(vi). (*Id.* at 4, 6).

9      Defendants objected to Magistrate Judge Fine's Order, arguing that Rule 37(c)(1)

10  precludes Streed's expert opinion because of Plaintiff's failure to properly disclose under

11  Rule 26(a)(2)(B). (Doc. 98 at 2–3).

12  **II.   LEGAL STANDARD**

13      The Court reviews Magistrate Judge Fine's Order under a "clearly erroneous or

14  contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). Clear error is met when the Court is

15  "left with the definite and firm conviction that a mistake has been committed." *Easley v.*

16  *Cromartie*, 532 U.S. 234, 242 (2001).

17  **III.   ANALYSIS**

18      **A. Plaintiff's Violation of Disclosure Rule**

19      Defendants argue that Rule 37(c)(1) requires that the Court exclude Streed's

20  testimony as a sanction for Plaintiff's failure to comply with Rule 26(a)(2)(B). (Doc. 98 at

21  2–3) (citing Doc. 90 at 9). In Response, Plaintiff argues that Rule 37(c)(1) is permissive,

22  and the court has discretion to impose sanctions for noncompliance with Rule 26(a). (Doc.

23  104 at 2).

24      Rule 37(c)(1) establishes that "[w]hen a party fails to make the disclosures required

25  by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless

26  it establishes that the failure was substantially justified or is harmless." *Goodman v. Staples*

27  *the Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011); *see* Fed R. Civ. P. 37(c)(1).

28  However, as noted by Plaintiff, Rule 37(c)(1) "is automatic in the sense that a district court

1   *may* properly impose an exclusion sanction where a noncompliant party has failed to show

2   that the discovery violation was either substantially justified or harmless." *Merchant v.*

3   *Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti*, 259 F.3d at 1106–07);

4   *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) ("[w]e

5   recognize that, in the ordinary case, violations of Rule 26 *may* warrant evidence

6   preclusion") (emphasis added). Thus, Rule 37(c)(1) does not require a court to impose an

7   exclusion sanction on a noncompliant party. *Merchant*, 993 F.3d at 740; *see also Lanard*

8   *Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) ("Rule 37(c)(1) did not .

9   . . strip the [court] of discretion to allow expert testimony in appropriate circumstances").

10      Here, Magistrate Judge Fine considered the deficiencies of Plaintiff's disclosures

11   and declined to exclude Streed's expert testimony and instead ordered additional

12   disclosures.[1] (Doc. 96 at 4). She reasoned that Defendants failed to adhere to the Case

13   Management Order and Local Rule 7.2(j). (*Id.* at 2–4). Additionally, Plaintiff offered to

14   remedy the nondisclosure in its Response. (Doc. 83 at 13). Rule 37(c)(1) provided

15   Magistrate Judge Fine with such discretion, and she did not err in determining that a lesser

16   sanction was appropriate. (Doc. 96 at 4); *see SiteLock LLC v. GoDaddy.com LLC*, No. CV-

17   19-02746-PHX-DWL, 2021 WL 2895503, at *11 (D. Ariz. July 9, 2021) (acknowledging

18   that the court possesses discretion to impose lesser sanctions in lieu of exclusion, such as

19   requiring additional discovery); *see also Lanard Toys*, 375 F. App'x at 713 (finding that a

20   court may consider the extent to which a discovery violation would result in "prejudice or

21   surprise" to the party against whom the evidence is offered).

22      Defendants argue that Magistrate Judge Fine erred in applying the Case

23   Management Order and local rules regarding discovery disputes to Defendants' motion

24   because their motion was a disclosure issue and not a discovery issue. (Doc. 98 at 2). And

25   because it was a disclosure issue, Defendants did not have a duty to raise any issue with

26   opposing counsel or the court before filing their motion for sanctions. (*Id.*).  To the extent

27

28   ---

[1] In his Response to Defendants' motion, Plaintiff offered to remedy his disclosures upon the Court's request. (Doc. 83 at 13–14); *see Merchant*, 993 F.3d at 741 ("a noncompliant party must 'avail himself of the opportunity to seek a lesser sanction'") (citation omitted).

1    Defendants argue that their motion raises a disclosure issue rather than a discovery issue,

2    the Court finds such a distinction inconsequential.[2] Magistrate Judge Fine found that

3    Defendants' inaction indicated a lack of harm. Thus, it was within her discretion to decline

4    to sanction Plaintiff. *See Goodman*, 644 F.3d at 826. Accordingly, Magistrate Judge Fine's

5    Order is not "clearly erroneous." 28 U.S.C. § 636(b)(1)(A).

6    ### B.  Defendants Request to Depose Streed

7    Defendants next argue that they should have the opportunity to depose Streed if the

8    Court affirms Magistrate Judge Fine's Order. (Doc. 98 at 3). Defendants say they may have

9    chosen to depose Streed had Plaintiff complied with the required disclosures. (*Id.*). Plaintiff

10   objects to this request, claiming that Defendants made a strategic decision by not deposing

11   Streed, and they should not be able to depose him after discovery has closed. (Doc. 104 at

12   3).

13   In her Order, Magistrate Judge allowed Defendants to file a motion pertaining to

14   *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), and Federal

15   Rule of Evidence 702. (Doc. 96 at 5). However, Defendants object that Magistrate Judge

16   Fine did not give them the opportunity to depose Streed. (Doc. 98 at 3).

17   But that's because Defendants did not request Magistrate Judge Fine for an

18   opportunity to depose Streed. As such, the Court need not consider Defendants' argument

19   that was raised for the first time on appeal. *Safety Dynamics, Inc. v. Gen. Star Indem. Co.*,

20   No. CV-09-00695-TUC-CKJ (DTF), 2014 U.S. Dist. LEXIS 9045, at *3 (D. Ariz. Jan. 24,

21   2014); *see also Greenhow v. Sec'y of HHS*, 863 F.2d 633, 638–39 (9th Cir. 1988) (citing

22   cases that arguments raised for the first time on appeal have traditionally been held to be

23   barred.). Therefore, the Court will deny this request without prejudice; Defendants may

24   raise this issue to Magistrate Judge Fine.

25

26   ---

[2] There appears to be a split on whether court orders and local rules are inapplicable to a defendant's motion for Rule 37(c) sanctions. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable."); *but see Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (characterizing a Rule 26 disclosure dispute as a "discovery dispute").

**IV.     CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendants' appeal (Doc. 98) of Magistrate Judge Order is **denied**. Magistrate Judge Fine's Order is affirmed.

**IT IS FURTHER ORDERED** that within **fourteen days** Plaintiff shall, at Plaintiff's expense, supplement disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(iv), (v), and (vi) pertaining to Plaintiff's expert Thomas Streed.

**IT IS FURTHER ORDERED** that any motion to take the deposition of Thomas Streed shall be filed with Magistrate Judge Fine within **fourteen days** of this order.

**IT IS FURTHER ORDERED** that within **thirty days** of Plaintiff's supplemental disclosure ordered herein, Defendants shall file a motion pertaining to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), and Federal Rule of Evidence 702.

Dated this 25th day of April, 2022.


James A. Teilborg
Senior United States District Judge